VICK LAW GROUP, APC
  Scott Vick (State Bar No. 171944)
  Jason Riddick (State Bar No. 235980)
800 West Sixth Street, Suite 1220
Los Angeles, California 90017
Telephone: (213) 784-6225
Facsimile: (213) 784-6227
E-Mail:  scott@vicklawgroup.com
         jason@vicklawgroup.com

STADHEIM & GREAR LTD.
  Rolf O. Stadheim (*pro hac appl. pending*)
  George C. Summerfield (*pro hac appl. pending*)
  Kyle L. Harvey (*pro hac appl. pending*)
  Robert M. Spalding (*pro hac appl. pending*)
  Christopher H. St. Peter (*pro hac appl. pending*)
400 N. Michigan Avenue, Suite 2200
Chicago, Illinois 60611
Telephone: (312) 755-4400
Facsimile: (312) 755-4408
E-Mail:  stadheim@stadheimgrear.com
         summerfield@stadheimgrear.com
         harvey@stadheimgrear.com
         spalding@stadheimgrear.com
         stpeter@stadheimgrear.com

Attorneys for Plaintiff
*KINGLITE HOLDINGS INC.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGLITE HOLDINGS INC., a Seychelles Company, | Case No. 2:14-cv-4989 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| GIGA-BYTE TECHNOLOGY CO., LTD., a Taiwan Corporation, and G.B.T., INC., a California Corporation. | |
| Defendants. | |

Plaintiff, Kinglite Holdings Inc. ("Kinglite") alleges by way of complaint against Defendants, GIGA-BYTE Technology Corp., Ltd. and G.B.T., Inc. ("Defendants") as follows:

## FACTUAL BACKGROUND

**Plaintiff**

1. Kinglite is a company incorporated under the laws of the Republic of the Seychelles with its principal place of business at 7 Temasek Boulevard, #15-01A Suntec Tower One, Singapore 038987.

2. Kinglite is the owner of the following United States patents that are being asserted in this action ("Asserted Patents"):

| U.S. Patent No. | Title | Application Date | Issue Date | Exhibit No. |
|---|---|---|---|---|
| 6,791,572 ("'572") | Generating Media Output During Bios Boot-Up | Dec. 10, 1999 | Sep. 14, 2004 | A |
| 6,892,304 ("'304") | System And Method For Securely Utilizing Basic Input And Output System (Bios) Services | Oct. 3, 2000 | May 10, 2005 | B |
| 5,732,268 ("'268") | Extended Bios Adapted To Establish Remote Communication For Diagnostics And Repair | Feb. 26, 1996 | Mar. 24, 1998 | C |
| 6,487,656 ("'656") | System And Method For Providing Functionalities To System Bios | Dec. 10, 1999 | Nov. 26, 2002 | D |
| 6,373,498 ("'498") | Displaying Images During Boot-Up And Shut Down | Jun. 18, 1999 | Apr. 16, 2002 | E |
| 6,523,123 ("'123") | Method And Apparatus For Providing Intelligent Power Management | Jul. 27, 2001 | Feb. 18, 2003 | F |
| 6,401,202 ("'202") | Multitasking During Bios Boot-Up | Jun. 18, 1999 | June 4, 2002 | G |
| 6,519,659 ("'659") | Method And System For Transferring An Application Program From System Firmware To A Storage Device | Jun. 18, 1999 | Feb. 11, 2003 | H |

| Patent No. | Title | Filed | Issued | Ex. |
|---|---|---|---|---|
| 5,836,013 ("'013") | Method And Apparatus For Compressing System Read Only Memory In A Computing System | Aug. 11, 1994 | Nov. 10, 1998 | I |
| 8,095,783 ("'783") | Media Boot Loader | May 11, 2004 | Jan. 10, 2012 | J |
| 5,987,604 ("'604") | Method And Apparatus For Providing Execution Of System Management Mode Services In Virtual Mode | Oct. 7, 1997 | Nov. 16, 1999 | K |
| 6,263,412 ("'412") | Method And Apparatus For RAM Emulation Using A Processor Register Set | Jun. 24, 1998 | Jul. 17, 2001 | L |
| 6,633,976 ("'976") | Method Of Storing BIOS Modules And Transferring Them To Memory For Execution | Aug. 10, 2000 | Oct. 14, 2003 | M |
| 7,185,189 ("'189") | Method Of Storing BIOS Modules And Transferring Them To Memory For Execution | Jul. 28, 2003 | Feb. 27, 2007 | N |
| 6,502,184 ("'184") | Method And Apparatus For Providing A General Purpose Stack | Sep. 2, 1998 | Dec. 31, 2002 | O |
| 5,978,912 ("'912") | Network Enhanced BIOS Enabling Remote Management Of A Computer Without A Functioning System | Mar. 20, 1997 | Nov. 2, 1999 | P |
| 6,308,265 ("'265") | Protection Of Boot Block Code While Allowing Write Access To The Boot Block | Sep. 30, 1998 | Oct. 23, 2001 | Q |
| 7,444,500 ("'500") | Method For Executing A 32-Bit Flat Address Program During A System Management Mode Interrupt | Aug. 14, 2001 | Oct. 28, 2008 | R |
| 7,930,524 ("'524") | Method For Executing A 32-Bit Flat Address Program During A System Management Mode Interrupt | Oct. 7, 2008 | Apr. 19, 2011 | S |
| 6,222,562 ("'562") | Fast Processed Screen Image | Jun. 23, 1998 | Apr. 24, 2001 | T |

**Defendants**

3. GIGA-BYTE Technology Co., Ltd. ("Gigabyte") is a Taiwanese corporation with its principal place of business at No.6, Bao Chiang Road, Hsin-Tien Dist., New Taipei City 231, Taiwan. It manufactures computer products, including motherboards; other products include desktop computers, laptops, tablet computers, Ultrabooks, server motherboards, server racks, optical disc drives, liquid crystal display (LCD), monitors, keyboards, mice, cooling components, and mobile phones (GSmart) and high end mobile phone products (personal digital assistant (PDA) phone, TV phone etc.) (collectively, "Gigabyte Products"). On information and belief, Gigabyte regularly conducts business in this District and throughout the United States itself and/or through its subsidiaries, affiliates, business divisions, or business units.

4. G.B.T., Inc. ("GBT USA") is a California corporation with its principal place of business at 17358 Railroad St, City Of Industry, CA 91748. This defendant is registered to do business in the State of California and has appointed Eric C. Lu at 17358 Railroad Street, City of Industry, CA 91748-1023, as its agent for service of process. On information and belief, GBT USA regularly conducts and transacts business in the United States and in this District either itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).

5. According to its website, www.gigabyte.us, Gigabyte is doing business in the United States through GBT USA.

6. Defendants import, offer for sale, and/or sell Gigabyte Products that practice the inventions of the patents in-suit ("Accused Products").

**Unified Extensible Firmware Interface**

7. The Unified Extensible Firmware Interface ("UEFI") is a specification that defines a software interface between an operating system and platform

firmware, also referred to in the industry as a Basic Input/Output System ("BIOS").

8. UEFI, which has been updated over the years in a series of releases, was developed under the aegis of the UEFI Forum, an alliance between several leading technology companies to modernize the booting process. The board of directors includes representatives from eleven "Promoter" companies: AMD, American Megatrends, Apple, Dell, HP, IBM, Insyde Software, Intel, Lenovo, Microsoft, and Phoenix Technologies.

9. The inventions of the following patents ("Phoenix UEFI patents") are contained in each version of UEFI: '304, '202, '659, '013, '783, '604, '412, '976, '189, '184, '500, '524, and '562.

10. The Accused Products incorporate a BIOS that complies with a version of UEFI and thus practices the inventions of the Phoenix UEFI patents.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b).

13. At all relevant times, Defendants have conducted business through GBT USA and sold or offered to sell the Accused Products in this Judicial District through its network of distributors, a number of which are based or have retail outlets in this Judicial District.

## COUNT I – INFRINGEMENT OF THE '572 PATENT

14. Kinglite incorporates by reference the allegations contained in paragraphs 1-13, above.

15. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '572 Patent pursuant to 35 U.S.C. § 271.

16. Kinglite has been injured by such infringement.

### COUNT II – INFRINGEMENT OF THE '304 PATENT

17. Kinglite incorporates by reference the allegations contained in paragraphs 1-16, above.

18. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '304 Patent pursuant to 35 U.S.C. § 271.

19. Kinglite has been injured by such infringement.

### COUNT III – INFRINGEMENT OF THE '268 PATENT

20. Kinglite incorporates by reference the allegations contained in paragraphs 1-19, above.

21. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '268 Patent pursuant to 35 U.S.C. § 271.

22. Kinglite has been injured by such infringement.

### COUNT IV – INFRINGEMENT OF THE '656 PATENT

23. Kinglite incorporates by reference the allegations contained in paragraphs 1-22, above.

24. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '656 Patent pursuant to 35 U.S.C. § 271.

25. Kinglite has been injured by such infringement.

### COUNT V – INFRINGEMENT OF THE '498 PATENT

26. Kinglite incorporates by reference the allegations contained in paragraphs 1-25, above.

27. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '498 Patent pursuant to 35 U.S.C. § 271.

28. Kinglite has been injured by such infringement.

## COUNT VI – INFRINGEMENT OF THE '123 PATENT

29. Kinglite incorporates by reference the allegations contained in paragraphs 1-28, above.

30. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '123 Patent pursuant to 35 U.S.C. § 271.

31. Kinglite has been injured by such infringement.

## COUNT VII – INFRINGEMENT OF THE '202 PATENT

32. Kinglite incorporates by reference the allegations contained in paragraphs 1-31, above.

33. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '202 Patent pursuant to 35 U.S.C. § 271.

34. Kinglite has been injured by such infringement.

## COUNT VIII – INFRINGEMENT OF THE '659 PATENT

35. Kinglite incorporates by reference the allegations contained in paragraphs 1-34, above.

36. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '659 Patent pursuant to 35 U.S.C. § 271.

37. Kinglite has been injured by such infringement.

## COUNT IX – INFRINGEMENT OF THE '013 PATENT

38. Kinglite incorporates by reference the allegations contained in paragraphs 1-37, above.

39. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '013 Patent pursuant to 35 U.S.C. § 271.

40. Kinglite has been injured by such infringement.

### COUNT X – INFRINGEMENT OF THE '783 PATENT

41. Kinglite incorporates by reference the allegations contained in paragraphs 1-40, above.

42. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '783 Patent pursuant to 35 U.S.C. § 271.

43. Kinglite has been injured by such infringement.

### COUNT XI – INFRINGEMENT OF THE '604 PATENT

44. Kinglite incorporates by reference the allegations contained in paragraphs 1-43, above.

45. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '604 Patent pursuant to 35 U.S.C. § 271.

46. Kinglite has been injured by such infringement.

### COUNT XII – INFRINGEMENT OF THE '412 PATENT

47. Kinglite incorporates by reference the allegations contained in paragraphs 1-46, above.

48. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '412 Patent pursuant to 35 U.S.C. § 271.

49. Kinglite has been injured by such infringement.

### COUNT XIII – INFRINGEMENT OF THE '976 PATENT

50. Kinglite incorporates by reference the allegations contained in paragraphs 1-49, above.

51. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '976 Patent pursuant to 35 U.S.C. § 271.

52. Kinglite has been injured by such infringement.

## COUNT XIV – INFRINGEMENT OF THE '189 PATENT

53. Kinglite incorporates by reference the allegations contained in paragraphs 1-52, above.

54. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '189 Patent pursuant to 35 U.S.C. § 271.

55. Kinglite has been injured by such infringement.

## COUNT XV – INFRINGEMENT OF THE '184 PATENT

56. Kinglite incorporates by reference the allegations contained in paragraphs 1-55, above.

57. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '184 Patent pursuant to 35 U.S.C. § 271.

58. Kinglite has been injured by such infringement.

## COUNT XVI – INFRINGEMENT OF THE '912 PATENT

59. Kinglite incorporates by reference the allegations contained in paragraphs 1-58, above.

60. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '912 Patent pursuant to 35 U.S.C. § 271.

61. Kinglite has been injured by such infringement.

## COUNT XVII – INFRINGEMENT OF THE '265 PATENT

62. Kinglite incorporates by reference the allegations contained in paragraphs 1-61, above.

63. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '265 Patent pursuant to 35 U.S.C. § 271.

64. Kinglite has been injured by such infringement.

## COUNT XVIII – INFRINGEMENT OF THE '500 PATENT

65. Kinglite incorporates by reference the allegations contained in paragraphs 1-64, above.

66. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '500 Patent pursuant to 35 U.S.C. § 271.

67. Kinglite has been injured by such infringement.

## COUNT XIX – INFRINGEMENT OF THE '524 PATENT

68. Kinglite incorporates by reference the allegations contained in paragraphs 1-67, above.

69. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '524 Patent pursuant to 35 U.S.C. § 271.

70. Kinglite has been injured by such infringement.

## COUNT XX – INFRINGEMENT OF THE '562 PATENT

71. Kinglite incorporates by reference the allegations contained in paragraphs 1-70, above.

72. Defendants' importation, sale and/or offer to sell the Accused Products constitute direct infringement of the claims of the '562 Patent pursuant to 35 U.S.C. § 271.

73. Kinglite has been injured by such infringement.

## PRAYERS FOR RELIEF

WHEREFORE, Kinglite respectfully requests that this Court:

a) Find that Defendants infringe the Kinglite patents;

b) Order Defendants to pay Kinglite damages equal to no less than a reasonable royalty to compensate for the infringement of the Kinglite patents pursuant to 35 U.S.C. § 284;

1   c) Order Defendants to pay Kinglite prejudgment interest;

2   d) Enjoin Defendants from further infringement of the Kinglite patents; and

4   e) Award such other relief the Court finds just and equitable.

DATED: June 26, 2014          VICK LAW GROUP, APC

By:   /s/  Scott Vick

VICK LAW GROUP, APC
  Scott Vick
  Jason Riddick

STADHEIM & GREAR LTD.
  Rolf O. Stadheim (*pro hac appl. pending*)
  George C. Summerfield
    (*pro hac appl. pending*)
  Kyle L. Harvey (*pro hac appl. pending*)
  Robert M. Spalding (*pro hac appl. pending*)
  Christopher H. St. Peter
    (*pro hac appl. pending*)

*Attorneys for Plaintiff*
*KINGLITE HOLDINGS INC.*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable pursuant to Fed. R. Civ. Proc. § 38(b).

DATED: June 26, 2014   VICK LAW GROUP, APC

By:   /s/  Scott Vick

VICK LAW GROUP, APC
  Scott Vick
  Jessica Han
  Lital Gilboa

STADHEIM & GREAR LTD.
  Rolf O. Stadheim (*pro hac appl. pending*)
  George C. Summerfield
    (*pro hac appl. pending*)
  Kyle L. Harvey (*pro hac appl. pending*)
  Robert M. Spalding (*pro hac appl. pending*)
  Christopher H. St. Peter
    (*pro hac appl. pending*)

*Attorneys for Plaintiff*
*KINGLITE HOLDINGS INC.*